2001 OK 77

**STATE of Oklahoma, ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**John Ray STOW, Jr., Respondent.**

**Nos. SCDB–4635, OBAD–4625.**

Supreme Court of Oklahoma.

Sept. 18, 2001.

¶ 0 Order Approving Resignation Pending Disciplinary Proceedings.

¶ 1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, John Ray

Stow, Jr., pending disciplinary proceedings, the application and resignation reveal the following.

¶ 2 The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

¶ 3 The respondent's affidavit and the application show that one (1) grievance has been filed against Respondent and is pending before Complainant:

(1) DC 01–146 is a grievance alleging that respondent failed to safeguard and account for money which was entrusted to respondent during his representation of the Personal Representative in a probate case. Further, it is alleged that Respondent failed to notify his client that respondent's license to practice law had been suspended.

¶ 4 The resignation states that the respondent is aware that the allegations concerning his conduct, if proven, would constitute violations of the Oklahoma Rules of Professional Conduct, 5 O.S.1991 Ch.1, App. 3–A (as amended), and his oath as a lawyer.

¶ 5 The resignation states that respondent was suspended from the practice of law by this Court on December 15, 1998 for a period of three years. *See State ex rel. Oklahoma Bar Association v. Stow, 1998 OK 105,* ¶ 31, *975 P.2d 869,* 877.

¶ 6 The resignation states that the respondent is aware of the requirements of Rule 9.1, of the Rules Governing Disciplinary Proceedings, and shall comply with that Rule within twenty (20) days of the date of his resignation.

¶ 7 The resignation states that the respondent is aware that he may make no application for reinstatement prior to the expiration of five years from the date of the order approving his resignation, and that reinstatement requires compliance with Rule 11 of the Rules Governing Disciplinary Proceedings. See Rules 8.2, 11.1, Rules Governing Disciplinary Proceedings.

---

**26.** *See* cases cited in note 14 *supra.*

¶ 8 The resignation states that the respondent is aware that the Client Security Fund may receive claims from his former clients, and that he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Client Security Fund for claims against him.

¶ 9 The resignation states that the Complainant has waived costs incurred in the investigation of respondent.

¶ 10 The official roster address of the respondent is John Ray Stow, Jr., O.B.A. No. 11,178, 409 Terrace Place, Norman, OK 73069–5032.

¶ 11 IT IS THEREFORE ORDERED, that the resignation of John Ray Stow, Jr., pending disciplinary proceedings be approved.

¶ 12 IT IS FURTHER ORDERED, that the name of John Ray Stow, Jr., be stricken from the roll of attorneys. The respondent may not make application for reinstatement prior to the expiration of five (5) years from the effective date of this order.

¶ 13 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 17TH DAY OF SEPTEMBER, 2001.

¶ 14 ALL JUSTICES CONCUR.